IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DANIEL JACKSON,

    Plaintiff,

v.

IRWIN UNION BANK; REGIONS
BANK, and GARRISON LAW FIRM,

    Defendants.

CIVIL ACTION NO.: CV207-064

## ORDER

Plaintiff, an inmate presently incarcerated at Autry State Prison in Pelham, Georgia, filed this complaint, pro se, on May 21, 2007. The Plaintiff was granted leave to proceed with his claim *in forma pauperis*. Defendants Irwin Union Bank and Regions Bank have moved for a dismissal of Plaintiff's complaint for lack of subject matter jurisdiction.

The Court is reluctant to rule on said motions without receiving a response from the Plaintiff or insuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. Although it is past the time generally afforded a party to make such a response, this Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). When a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true. Miree v. Dekalb County, 433 U.S. 25, 27 n.2, 97 S. Ct.

2490, 2492, 53 L. Ed. 2d 557 (1977); <u>Blum v. Morgan Guar. Trust Co.</u>, 709 F.2d 1463, 1466 (11th Cir. 1983). The Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957) stated that:

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The granting of a motion to dismiss is disfavored and rare. <u>Sosa v. Coleman</u>, 646 F.2d 991, 993 (5th Cir. Unit B June 1981).[1] Furthermore, a claim, especially one presented by a *pro se* litigant, should not be dismissed unless it appears that the plaintiff can prove no facts which would entitle him to relief. <u>Dykes v. Hosemann</u>, 743 F.2d 1488, 1499 (11th Cir. 1984) Furthermore a local rule, such as Local Rule 7.5 of this court,[2] should not in any way serve "as a basis for dismissing a *pro se* . . . complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal." <u>Mitchell v. Inman</u>, 682 F.2d 886, 887 (11th Cir. 1982).

Accordingly, Plaintiff is hereby **ORDERED** to file any objections to the motions for dismissal, or to otherwise inform the court of his decision not to object to said motions within twenty (20) days of the date of this Order. See <u>Griffith v. Wainright</u>, 772 F.2d 822,

---

[1] Decisions of the former Fifth Circuit, Unit B, rendered after September 31, 1981, are binding precedent in this Circuit. <u>Stein v. Reynolds Securities, Inc.</u>, 667 F.2d 33, 34 (11th Cir. 1982).

[2] Local Rule 7.5 states:

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fifteen (15) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty (20) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion</u>. (emphasis added).

AO 72A
(Rev. 8/82)

825 (11th Cir. 1985)(espousing importance of strict adherence to notice requirements in *pro se* motions for summary judgment). Should Plaintiff not timely respond to the motions, the Court will determine that there is no opposition to the motions. See Local Rule 7.5. In order to assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy of Rule 41, FED. R. CIV. P., as well as Rule 12, FED. R. CIV. P., to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 23rd day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)